United States District Court
Southern District of Texas

**ENTERED**

July 13, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUNIPER T. TYLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-19-1340 |
| | § | |
| WELLS FARGO BANK, N.A. and | § | |
| BONIAL & ASSOCIATES, P.C., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge, upon referral from the District Judge, is Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Document No. 22). Having considered the motion, the response in opposition, the reply, the summary judgment evidence, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motion for Summary Judgment be GRANTED.

## I.      Background and Procedural History

On March 4, 2019, Plaintiff Juniper T. Tyler ("Tyler"), proceeding *pro se*, filed suit in the 127th District Court of Harris County, Texas, Cause No. 2019-15681, seeking to prevent a foreclosure on her residence, located at 2913 Rosedale, Houston, Texas 77004 (referred to hereafter as "the Property"). Named as defendants were Wells Fargo Bank, N.A. ("Wells Fargo") and Bonial & Associates, P.C. ("Bonial"). Wells Fargo removed the case to this Court on the basis of diversity, alleging and arguing in the Notice of Removal that Bonial's citizenship should be disregarded for

purposes of diversity because Bonial was fraudulently joined.[1]  Following removal, Tyler filed an Amended Petition (Document No. 13).  In the Amended Petition, Tyler alleged that Wells Fargo does not have standing to foreclose on the Property because there is no "proper chain of title," that Wells Fargo is not a proper or valid beneficiary of the Deed of Trust, and that Wells Fargo did not provide her with all the notices required prior to seeking to foreclose. Tyler also alleged that Wells Fargo's foreclosure and/or collection efforts violated the Fair Debt Collection Practices Act ("FDCPA") and that Defendants somehow mis-used her social security number.  Tyler asserted claims, based on Wells Fargo's lack of standing to foreclose, to quiet title and for declaratory and injunctive relief; and a claim for violations of the FDCPA. She also asserted, without any attendant factual allegations whatsoever, that Defendants' actions constitute violations of a whole litany of other federal statutes, including the Social Security Act, the Securities Exchange Act, the Foreign Corrupt Practices Act, the Federal Trade Commission Act, the Consumer Financial Protection Act, the Fair Credit Reporting Act, and the Real Estate Settlement Procedures Act.

Following the expiration of the discovery deadline, Wells Fargo filed its Motion for Summary Judgment.  In that Motion for Summary Judgment, Wells Fargo argues that given Tyler's failure to respond to its Requests for Admissions, those requests are deemed admitted and those admissions defeat all of Tyler's claims.  Additionally, Wells Fargo argues that Tyler's claims all fail under the doctrine of *quasi estoppel* because Tyler, while alleging in this case that Wells Fargo has no standing to foreclose, entered into two loan modifications with Wells Fargo.  As for each of the

---

[1] Wells Fargo sets forth, at length, in its Notice of Removal the bases and legal authority for disregarding the citizenship of Bonial.  According to Wells Fargo, Bonial should be considered to have been fraudulently joined because Tyler could not state a viable claim against Bonial given Bonial's actions as Wells Fargo's foreclosure counsel.

particular claims, Wells Fargo: (1) argues and submits summary judgment evidence that it was properly assigned the Deed of Trust, and that it is also the holder of the Note on the Property; (2) argues that Tyler cannot maintain a quiet title claim given that Wells Fargo has standing to foreclosure and that Tyler has not "tendered or attempted to tender the amount owed under the Note and Deed of Trust;" (3) argues and cites authority to show that the FDCPA does not apply to foreclosure proceedings; and (4) argues that there is no evidence, much less any factual allegations, to support the other asserted federal statute violations.[2]  Tyler, in response, does not directly address any of Wells Fargo's arguments or evidence.  Instead, Tyler argues that she has stated a claim within the meaning of FED. R. CIV. P. 12(b)(6) and that her allegations should be construed broadly given her *pro se* status.  Tyler has also submitted a "Homestead Designation" (Document No. 26 at 7-8); an "Affidavit of Nunc Pro Tunc" (Document No. 28) in which Tyler first asserts that she is "not a United States citizen or a 14th amendment citizen" and then asserts that several case and statutory references are "evidence" to defeat Wells Fargo's Motion for Summary Judgment; and an "Affidavit of Motion to Add Party" (Document No. 30), in which Tyler asks that the United States be made a party to this case.  As of this date, the pending motions are all fully briefed and ripe for ruling.

---

[2] In its Motion for Summary Judgment, Wells Fargo also seeks summary judgment on Tyler's unjust enrichment claim on the basis that such a claim cannot be maintained where, as here, there is an express agreement between the parties, as contained in the Note and Deed of Trust.  Tyler has not expressly asserted an unjust enrichment claim.  In addition, even taking her allegations in her Amended Petition (Document No. 13) most broadly, Tyler has not alleged an unjust enrichment claim.

## II.    Summary Judgment Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). The substantive law governing the claim at issue determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine if the evidence presents an issue "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Id.* at 250. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). The moving party bears the burden of identifying evidence that no genuine issue of material fact exists. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986), and the court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus.Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; the movant does not have to support its motion with evidence negating the case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the movant succeeds, the nonmovant can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact, *see Anderson*, 477 U.S. at 248–49, but that evidence need not be in a form that would be admissible at trial. *See Celotex*, 477 U.S. at 324.

4

### III.   Discussion

#### A.   The Deemed Admissions Defeat all of Tyler's Claims

As part of its Motion for Summary Judgment, Wells Fargo points to the Requests for Admissions it sent to Tyler, which Tyler did not answer and which are deemed admitted under FED. R. CIV. P. 36(a)(3) ("A matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").  Those requests for admission, as are relevant to the pending motion for summary judgment, establish the following:

> Tyler has not "made all payments due under the Note and Deed of Trust."

> "[N]o foreclosure sale of the Property has occurred."

> Tyler is "still in possession of the Property."

> Tyler has "not tendered the full amount due on the Loan."

> "Defendant did not engage in any unfair or unconscionable means to collect or attempt to collect the debt related to the Note and/or Deed of Trust."

> Tyler "suffered no damages as a result of Defendant's actions."

> Tyler "suffered no damages as a result of Defendant's inactions."

(Document No. 22-5).  In and of itself, the deemed admissions on the issue of damages defeat all of Tyler's claims.  *See Hill v. Breazeale*, 197 F. App'x 331, 336 (5th Cir. 2006) ("[I]f the requests for admission concern an essential issue or element, the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party." ) (citing *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 548–49 (5th Cir. 1985)).

5

**B.      Quasi Estoppel Defeats Tyler's Foreclosure-related Claims**

Tyler's foreclosure-related claims also fail based on Wells Fargo's defense of quasi estoppel. "Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken.  The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000) (internal citation omitted).  "Thus, quasi-estoppel forbids a party from accepting the benefits of a transaction and then subsequently taking an inconsistent position to avoid corresponding obligations or effects." *Lindley v. McKnight,* 349 S.W.3d 113, 131 (Tex.App.-Fort Worth 2011, no pet.).

Here, as argued by Wells Fargo, and not disputed at all by Tyler, Tyler entered into two loan modification agreements with Wells Fargo – one in August 2011, and the other in April 2013.  Both loan modification agreements identified Wells Fargo as the "Lender."  *See* Document Nos. 22-1 at 27-32; Document No. 22-1 at 34-37.  Having received the benefit of those two loan modifications, Tyler is estopped from claiming or arguing that Wells Fargo does not have standing to foreclose. *See e.g., Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 343 (5th Cir. 2013) (applying quasi estoppel to plaintiff's challenge to the defendant's status as the loan servicer).  Quasi estoppel, therefore, defeats Tyler's foreclosure-related claims based on Wells Fargo's alleged lack of standing.

**C.      No summary judgment evidence supports any of Tyler's claims**

In addition to the deemed admissions and the doctrine of quasi estoppel, which collectively defeat all of Tyler's claims, Wells Fargo argues that the uncontroverted summary judgment evidence in the record defeats Tyler's quiet title and declaratory/injunctive relief claims that are based on its alleged lack of standing to foreclose.  Wells Fargo also argues that Tyler cannot, as a matter of law,

maintain a FDCPA claim against it based on the foreclosure proceedings, and that Tyler has come forth with no evidence to support any of the remaining claims.

### 1.      Standing/Quiet Title/Declaratory and Injunctive Relief Claims

Tyler's quiet title and declaratory and injunctive relief claims are based on Tyler's allegations that Wells Fargo does not having standing to foreclose, and that Wells Fargo cannot show a clear and proper chain of title.  Wells Fargo's uncontroverted summary judgment evidence establishes its standing to foreclose, and defeats Tyler's foreclosure related quiet title and declaratory and injunctive relief claims.

The summary judgment evidence shows that Tyler entered into a Loan agreement with Network Funding, LP on December 5, 2008, in the principal amount of $119,350.00.  Document No. 22-1 at 7-9.  Network Funding, LP was the beneficiary of a Deed of Trust on the Property which secured the Note.  Document No. 22-1 at 12-20.   On October 11, 2011, Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Network Funding, LP, assigned the Deed of Trust to Wells Fargo Bank.  Document No. 22-1 at 23-25.  In addition, although undated, the Note itself bears a stamp indicating that it was paid by Network Funding, LP "to the order of Wells Fargo Bank, N.A. 'WITHOUT RECOURSE.'"  (Document No. 22-1 at 9.  Thereafter, as set forth above, Tyler entered into two loan modification agreements with Wells Fargo – one in August 2011 and the other in April 2013.  (Document No. 22-1 at 27-37).  Based on this uncontroverted documentary summary judgment evidence, as well as the contents of the Declaration of Miranda Barnes, Vice President of Loan Documentation for Wells Fargo Bank, N.A., Wells Fargo is, and has been, the holder of the Note, the loan servicer of the Note, and the beneficiary, by assignment, of the Deed of Trust.  As the loan holder and the loan servicer, Wells Fargo has standing to foreclose.  *Martins v.*

*Bac Home Loans Servicing, LP*, 722 F.3d 249, 255 (5th Cir. 2013) (Under Texas law, either a mortgagee or mortgage servicer may foreclose on a property).  Consequently, Wells Fargo is entitled to summary judgment on Tyler's claims that are premised on Wells Fargo's alleged lack of standing to foreclose, including her quiet title claim and her declaratory and injunctive relief claims.  See *Smith v. Guild Mortg. Co.*, No. 3:19-CV-00188, 2020 WL 1686274, at *6 (S.D. Tex. Apr. 6, 2020) (dismissing plaintiff's quiet title claim premised entirely on allegations that the defendant did not have standing to foreclose).

### 2.   FDCPA

Without any factual support, Tyler alleges in her Amended Petition (Document No. 13) that Wells Fargo violated § 1692c, 1692d, 1692g, and 1692 of the Fair Debt Collection Practices Act.  But, because Wells Fargo is a mortgage servicer and the debt at issue is a mortgage debt, Tyler has not shown how any communication from Wells Fargo about that debt falls within the purview of the FDCPA.  *See  Montgomery v. Wells Fargo Bank, N.A.*, 459 F. App'x 424, 428 n. 1 (5th Cir. 2012) (plaintiff's "FDCPA claim fails because mortgage lenders are not 'debt collectors' within the meaning of the FDCPA."); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned").  Moreover, as additionally argued by Wells Fargo, Tyler has come forth with no summary judgment evidence to support her FDCPA claim(s).  Consequently, Wells Fargo is also entitled to summary judgment on the FDCPA claims.

### 3. Federal Statutory Violations

Again, without any factual support whatsoever, Tyler alleges in her Amended Petition (Document No. 13) that Wells Fargo violated a whole litany of federal statutes, including the Social Security Act, the Securities Exchange Act, the Foreign Corrupt Practices Act, the Federal Trade Commission Act, the Consumer Financial Protection Act, the Fair Credit Reporting Act, and the Real Estate Settlement Procedures Act.   As argued by Wells Fargo, and not responded to by Tyler, Tyler "has no evidence to support any of those claims."  Motion (Document No. 22) at 12.  Because the undersigned agrees that there is neither factual nor evidentiary support for any of those claims, Wells Fargo is, as well, entitled to summary judgment on those claims.

## IV.    Conclusion and Recommendation

Based on the foregoing, and the conclusion that the summary judgment evidence defeats the foreclosure-related claims alleged by Tyler against Wells Fargo, and that Tyler has come forth with no summary judgment evidence to support the remainder of her claims, the Magistrate Judge

RECOMMENDS that Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment (Document No. 22) be GRANTED.  In addition, because there is no basis for adding the United States as a party to this wholly private dispute over a mortgage loan, it is

ORDERED that Plaintiff's Motion to Add Party (Document No. 30) is DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b).  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.

*Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 13th day of July, 2020.

Frances H. Stacy
United States Magistrate Judge